IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION | § § § | |
| V. | § § | CIVIL ACTION NO. 6:00-MC-24 |
| GOLD PARK DEVELOPMENT, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action has been referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of United States Magistrate Judge (Doc. No. 152), which contains proposed findings of fact and recommendations for the disposition of several motions (Doc. Nos. 113, 119, 126, 127 & 129), has been presented for consideration. Specifically, the Report and Recommendation recommends granting motions to dissolve two orders for writs of garnishment, one in which Corrigan Developments, LLP, is the Garnishee ("Corrigan Writ") and one in which Steve Sitton and Scott Brown are the Garnishees ("Sitton/Brown Writ"). Tareco Properties, Inc. ("Tareco") has objected to the Report and Recommendation (Doc. No. 156).

**I.      Objections to the Dissolution of the Corrigan Writ**

One reason the Magistrate Judge recommends dissolving the Corrigan Writ is that the writ contains procedural defects. In its objections, Tareco suggests that the Court should give it the opportunity to correct the defects rather than dissolving the writ.

The State of Texas has long recognized that the remedy of garnishment is summary and harsh and should not be sustained unless there is strict compliance with the statutory requirements. *Fogel v. White*, 745 S.W.2d 444, 446 (Tex.App.–Hous. [14th Dist.] 1988, no writ). Rule 679 of the Texas

Rules of Civil Procedure allows for the amendment of "clerical errors in the affidavit, bond or writ of garnishment, or the officer's return thereof...upon application in writing to the judge or justice of the court in which the suit is filed...provided such amendment appears to the judge or justice to be in furtherance of justice."   A review of Texas case law shows that defects such as a missing seal, an incorrect case number, failure to state the character and capacity of the garnishor (i.e. individual, partnership, corporation), failure of one of the plaintiffs to sign the application, and the omission of the word "just" from the garnishment affidavit are considered clerical errors capable of correction. *See Metroplex Factors, Inc. v. First Nat. Bank, Bridgeport*, 610 S.W.2d 862, 866 (Tex. Civ. App.–Fort Worth 1980, writ ref'd n.r.e.) (missing seal); *South Fort Worth State Bank v. Howe*, 361 S.W.2d 447 (Tex. Civ. App.–Fort Worth 1962, no writ)(incorrect case number); *First Nat. Bank of Fabens v. Pacific Cotton Agency*, 329 S.W.2d 504  (Tex. Civ. App.–San Antonio 1959, no writ)(garnishor's character and capacity); *Smith v. Miller*, 298 S.W.2d 845 (Tex. Civ. App.–Galveston 1957, writ ref'd n.r.e.)(failure to sign); *Mundy & Co. v. Houston Bank & Trust Co.*, 254 S.W.2d 793 (Tex. Civ. App.–Galveston 1953, no writ)(omission of the word "just").

However, Rule 679 does not authorize a garnishor to correct substantive errors in an application for a writ of garnishment, such as the sufficiency of the required supporting affidavits or other deficiencies in the application for the writ. *Metroplex Factors*, 610 S.W.2d at 866.  In this case, the defects go to both the sufficiency of the supporting affidavits and other deficiencies in the application for the writ. Although the judgment was entered against several other persons in addition to Steve Morriss, Tareco failed to swear in its application that the other judgment debtors do not possess property in Texas subject to execution and sufficient to satisfy the judgment, as required under Tex. Civ. Prac. & Rem. Code §63.001(3). Tareco also  failed to support all of the relevant facts in its application for the writ with affidavits based on personal knowledge or that otherwise

comply with Rule 658. The Court finds that these failures are substantive. *See Metroplex Factors,* 610 S.W.2d at 865-866.

A garnishor may not remedy a debt through the property of one debtors when two or more debtors are involved in the suit and have property subject to garnishment. *Kisro v. Heard*, 547 S.W.2d 322, 323-24 (Tex. Civ. App. – Houston 1977, no writ)(citing *Buerger v. Wells*, 110 Tex. 566, 567 (Tex. 1920)). The failure to state whether all of the debtors have property subject to execution that would satisfy the debt renders the garnishment application "patently defective." *Kisro*, 547 S.W.2d at 324. Further, to guard against writs being issued on mere speculation, affidavits must be based on personal knowledge or on "information and belief," if the facts providing grounds for such information and belief are specifically stated. *Metroplex Factors*, 610 S.W.2d at 865. The failure to do so is also fatal to a garnishment application. *Id.* (affirming trial court's judgment that failure to comply with Rule 658 rendered the affidavit defective and was grounds for quashing the writ). Tareco cites no authority, nor does the Court find any authority, supporting Tareco's assertion that such defects may be corrected through an amendment.

The Magistrate Judge also recommends dissolution of the Corrigan Writ, because the writ was issued to garnish property belonging to the Family LP rather than to the debtor, Steve Morriss, and no alter ego determination had been made. Tareco argues that the Court should determine alter ego through a hearing in these proceedings. However, the Court agrees with the Magistrate Judge that a determination of alter ego should have been made prior to this garnishment action. Tareco's failure to do so likened the writ against the Family LP to a defective prejudgment writ, which violated the Family LP's due process rights. Further, as stated by the Magistrate Judge, an alter ego determination is a contingent claim, and "a writ of garnishment may be issued only when the demand is not contingent, is capable of ascertainment by the usual means of evidence, and does not rest in

the discretion of the jury." *In re Texas American Express, Inc.*, 190 S.W.3d 720, 725-26 (Tex. App. – Dallas 2005, no writ). A determination of alter ego now, after the issuance of the writ, would be a reversal of the proper procedure.

For all of these reasons, the Court finds the recommendation for the dissolution of the Corrigan Writ is well-taken and should be adopted.

## II. Objections to the Dissolution of the Sitton/Brown Writ

Tareco also objects to the dissolution of the Sitton/Brown Writ. This objection to the Report and Recommendation is the first time Tareco has objected to the dissolution of the Sitton/Brown Writ, as it failed to file any response to the motions to dissolve said writ.

The Magistrate Judge recommends dissolving the Sitton/Brown Writ for the same procedural defects that are present in the application for the Corrigan Writ. For the reasons stated above regarding the procedural defects in the Corrigan Writ, the Court agrees that the Sitton/Brown Writ should be dissolved.

Tareco also argues that the Sitton/Brown Writ should not be dissolved because the writ was directed at property admittedly owned by Steve Morriss. The writ seized funds due to T.M. Morriss, Trustee. Tareco argues that there is no dispute that T.M. Morriss, Trustee is the alter ego of Steve Morriss, because the funds were paid to T.M. Morriss in his capacity as trustee of Steve Morriss and not to T.M. Morriss in his capacity as trustee of the Family, LP. Tareco also points out that Steve Morriss does not contest that these funds are his property. Instead, Steve Morriss argues that a portion of these funds belong to T.M. Morriss pursuant to an Agreement of Interest. For various reasons, Tareco contends that none of the funds belong to T.M. Morriss, and, at the very least, the portion of the funds not belonging to T.M. Morriss were properly garnished.

However, regardless of whether Steve Morriss admitted that some of the funds belong to him,

as Defendants point out,[1] the uncontested evidence shows that the note was not even due and owing at the time of garnishment. "To obtain garnishment for a debt, the affidavit must state the debt is just, due, and unpaid." *Sadkin v. Coie*, No. 05-96-00562-CV, 1998 WL 48019 at *2 (Tex.App.-Dallas,1998, no writ)(citing *Chandler v. Cashway Bldg. Materials, Inc.*, 584 S.W.2d 950, 952 (Tex.Civ.App.–El Paso 1979, no writ)). For a debt to be "just, due, and unpaid," a claim must be liquidated. *See Cleveland v. San Antonio Bldg. & Loan Ass'n,* 223 S.W.2d 226, 228 (Tex.1949). The fact that the garnishees deposited money that they would owe to Steve Morriss at a future date into the registry does not make the writ of garnishment timely.

For all of these reasons, the Court finds the recommendation for the dissolution of the Sitton/Brown Writ is well-taken and should be adopted.

### III. Conclusion

Therefore, the Court, having made a *de novo* review of Tareco's objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit.

Accordingly, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the motions to dissolve the Corrigan Writ (Doc. Nos. 113 & 119) and the Sitton and Brown Writ (Doc. Nos. 126 & 129) are **GRANTED**. If it further

---

[1] Although Defendants made this argument in their motions to dissolve the Sitton/Brown writ, Tareco failed to respond to it or to any other argument. Defendants reasserted this argument in their responses to Tareco's objection to the Report and Recommendation. Although there was ample time for a reply, Tareco again failed to address this argument.

**ORDERED** that the First Supplemental Motion to Vacate Order and to Dissolve Writ of Garnishment (Doc. No.127) filed by T.M. Morriss Family, L.P. is **DENIED**, as it is not a motion in itself, but a rather an affidavit supplementing a prior motion.  It is further

**ORDERED** that the Writ of Garnishment to Corrigan Developments, LLP, Garnishee (Doc. No. 101) and the Writ of Garnishment to Steve Sitton and Scott Brown, Garnishees (Doc. No.124) are **DISSOLVED** and that any funds deposited in the Court registry as a result of these writs along with any accrued interest on such funds be **RETURNED** to their respective garnishees for their proper distribution.

It is **SO ORDERED**.

**SIGNED this 3rd day of June, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE